**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Javier MARTINEZ–DIAZ,**
**Defendant–Appellant.**

**No. 05–40225**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 20, 2006.

James Lee Turner, John Richard Berry, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

---

PER CURIAM: *

Javier Martinez–Diaz (Martinez) appeals his guilty plea conviction and sentence for illegally reentering the United States after having been deported previously following an aggravated felony conviction. The Government argues that Martinez's appeal is barred by the appellate-waiver provision in his plea agreement. We assume, *arguendo* only, that the waiver does not bar the instant appeal.

Martinez argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is not ripe for review on direct appeal. *See United States v. Riascos-Cuenu*, 428 F.3d 1100, 1101–02 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). The claim is dismissed. *See id.* at 1102.

Martinez also challenges the constitutionality of 8 U.S.C. § 1326(b). However, Martinez's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Martinez contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Martinez properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.